While I agree with the opinion of the majority relative to their affirmance of the punitive damages and attorney fees awarded to appellee against Joseph DeMoss, I must respectfully dissent in regards to their affirmance of said damages and fees in regards to Mr. DeMoss's employer, appellant Ram Motor Freight.
Certainly, the record indicates that Ram Motor may have been negligent in hiring Mr. DeMoss and/or in retaining him as an employee after obtaining knowledge of his driving record and performance. Indeed, that same record might reasonably cause one to conclude that Ram should have foreseen the accident giving rise to the personal injuries and damages set forth in the case subjudice.
That, however, is clearly not enough. As enunciated by the Supreme Court of Ohio in Calmes v. Goodyear Tire Rubber Co.
(1991), 61 Ohio St.3d 470:
 "* * * [m]ere forseeability cannot be equated with great probability. In the law of negligence, forseeability is the threshold level of probability at which conduct becomes negligent. Great probability, then, can be likened to high forseeability." Id. at 474.
 "In Preston * * * we held there, and hold here, that punitive damages are intended to punish and deter conduct resulting from a mental state so callous in its disregard for the rights and safety of others that society deems it intolerable. This mental state is the component of the standard contained in the phrase `conscious disregard for the rights and safety of other persons * * *.'" Id. at 473.
Moreover, the issue was further clarified in Malone v.Courtyard, by Marriott L.P. (1996), 74 Ohio St.3d 440, wherein the syllabus of the court stated:
 "Absent proof of a defendant's subjective knowledge of damages posed to another, a punitive damages claim against that defendant premised on the `conscious disregard' theory of malice is not warranted."
I have found nothing in the record to indicate that Ram had knowledge of any danger to another, or that it possessed or exhibited a mental state "so callous in its disregard for the rights and safety of others that society deems it intolerable."Calmes, supra. What is the conduct of Ram that needs to be punished? Surely the fact that a driver had traffic citations and an accident cannot, by itself, equate to a litmus test of callousness. For if it did, what is the criteria? Three moving violations in a year equals punitive damages if the driver is not terminated?
Ram may have been negligent. It may even have been grossly negligent. It may even have deviated from industry practices. But it cannot be said that their conduct meet the high criteria set forth by Preston, Calmes and its progeny. The judgment against it for punitive damages and attorney fees must be reversed or the demarcation between conduct that is negligent and conduct which is motivated by a conscious disregard theory of malice is blurred beyond recognition.
 ____________________________ JOSEPH J. VUKOVICH, JUDGE